# CASES

## FOURTH DISTRICT

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1926.

---

### Marie Davis, Appellee, v. John R. Thompson Company, Appellant.

1. NEGLIGENCE—*sufficiency of evidence to show ownership by defendant of restaurant in which plaintiff injured by slipping on floor.* Evidence in action by restaurant employee for injuries due to fall on slippery floor, held to show that the restaurant was not owned by the defendant, an Illinois corporation, but by an Indiana corporation of the same name.

2. CORPORATIONS—*operation of separate corporations under identical managing officers as affecting liability of one for injuries caused by the other.* The mere fact that two corporations have certain persons who are managing officers in both corporations will not, in and of itself, render one of the corporations liable for injuries caused by the other.

3. CORPORATIONS—*sufficiency of evidence to show liability of corporation of one state for negligence of one of same name of another state.* Evidence, in an employee's action for injuries sustained by slipping and falling upon a slippery floor in a restaurant owned by an Indiana corporation of the same name as defendant, an Illinois corporation, that at the time of such injury the defendant and the Indiana corporation had the same president, secretary and assistant secretary, and that the general manager in charge of the said restaurant for the Indiana corporation also acted as general manager of other restaurants operated by the defendant, held insufficient to support a judgment against de-

469

fendant for such injuries, where it was also shown that each corporation had its own pay roll and was responsible for its own accounts.

Appeal by defendant from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the October term, 1925. Reversed. Opinion filed February 17, 1926.

McGLYNN & McGLYNN, for appellant.

BEASLEY & ZULLEY, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

This appeal is prosecuted by appellant to reverse a judgment in the sum of $12,500, rendered by the city court of East St. Louis in favor of appellee.

The declaration consists of two counts. The first count charges among other things that on November 14, 1924, appellant, an Illinois corporation, was possessed of and operating a certain restaurant or cafeteria at 620 Washington avenue in the City of St. Louis, Missouri; that on the second floor of said building it used and operated a certain steam counter, situated on a porcelain tile floor, which floor was in a highly polished state, and whenever water or other liquid substance was spilled thereon it created a highly slippery and dangerous condition; that there were then in use in similar establishments inexpensive devices known as rubber matting, for the purpose of covering such porcelain floors in order to make them safe for the employees to walk thereon; that the defendant negligently failed to use such rubber matting, but ordered appellee to work in and about said dangerous condition; that while in the exercise of due care for her own safety, and while carrying a stack of trays, by reason of the carelessness and negligence aforesaid, appellee's foot slipped and she was thrown, striking the floor, injuring her spine, etc. The second count was similar

to the first, with this exception: It alleged in addition to the allegations in the first count that appellant negligently suffered certain valves in the hot water pipes in said restaurant to become and remain in a wornout, broken and defective condition, to such an extent that whenever the steam and hot water was turned on, the hot water from said pipes, and condensed from said steam, ran upon the said floor, etc.

To said declaration appellant filed a plea of the general issue and three special pleas. Each of said special pleas averred that the John R. Thompson Company, a corporation of Illinois, sued in this case, did not own, possess or control the restaurant at 620 Washington avenue in the City of St. Louis, nor did it own, possess or control the appliances, supplies, etc., in said restaurant. To said special pleas, general replications were filed, and a trial was had, resulting in a verdict and judgment as above set forth. To reverse said judgment, this appeal is prosecuted.

While various errors are assigned on the record, the only errors we deem necessary to consider are those which raise the question as to whether appellant company possessed, operated or controlled the restaurant at 620 Washington avenue in the City of St. Louis, so as to render it liable for any injury appellee may have received therein.

Appellant on its behalf offered in evidence articles of incorporation, certified to by the Secretary of State of the State of Indiana, incorporating the John R. Thompson Company; also warranty deed to said Indiana corporation, conveying the premises known as 620 Washington avenue in the City of St. Louis, Missouri, for a consideration of $250,000; also a certificate of the Secretary of State of the State of Missouri, to the effect that the "John R. Thompson Company, an Indiana corporation, has this day registered in the office of the Secretary of State as required by law." Appellant also offered in evidence a certificate of the

Secretary of State of Missouri to the effect that on February 8, 1913, the John R. Thompson Company, an Indiana corporation, was licensed to do business in the State of Missouri, "and is at present an Indiana corporation in good standing," and that said corporation is the only corporation of that title recorded in said State. In addition to the foregoing, other record evidence was offered showing the incorporation of appellant company in the State of Illinois.

Appellee testified in her own behalf that she "worked on this side (East St. Louis, Illinois) at Thompson's on Collinsville avenue, 126. * * * I went to work there the first part of October (1924); I can't say just the day. Mr. Burke hired me. He gave me the work of counter girl. I worked behind the counter, getting out orders and calling in orders. * * * When I went to work there, I had uniform caps and aprons. They were white with the name 'Thompson's' wrote across with red thread. Script. They had a white sign written in script like it was on the aprons. The sign on the place in St. Louis was the same as over here. I worked at this place on this side about three weeks; until I was transferred over there. Three weeks until the 14th day of November, when I got hurt. I went to work over there the last part of October, 1924."

Appellee further testified on cross-examination: "I worked there (East St. Louis) as an extra, in place of another girl. When the other girl returned I didn't have any more work, only when somebody was laid off; could work three or four days a week. * * * It was not that I couldn't have worked here, because another girl was laying off a few days after that, but Mr. Brown asked me if I wanted to work steady—wanted a place to work steady, and I said yes, because I sure needed it—I needed the money, and he told me to go to Thompson's on Washington avenue and see Mr. Jerguson and tell him he sent me and he would sure

put me on. I went to see him and told him Mr. Brown sent me, and he said, 'I know; he called me up.' ''

Appellee further offered in evidence an advertisement from the Globe-Democrat, giving a number of the large cities of the United States where Thompson's restaurants were being conducted.

In this connection, John A. Brown, superintendent of the John R. Thompson Company, the Illinois corporation, and also superintendent of the Indiana corporation having the restaurant at 620 Washington avenue, St. Louis, testified:

"I had a conversation with her (appellee) concerning her going to St. Louis to work. It seems she was working, or had been working, as a counter girl over here in some other girl's place, and she had worked, I think, two different Sundays prior to the time she went to work in St. Louis, Missouri, and the last day she worked there—or the second day—she asked if we had an opening for a counter girl in St. Louis, or if we could use her there, and I told her the best place to find that out would be over there. I told her to go over there and ask the manager if he could use her over there; her work over here was satisfactory and there was nothing to prevent her going to work there if he had an opening for her."

William Jerguson, the manager of the restaurant at 620 Washington avenue, St. Louis, testified:

"I am manager for Thompson's in St. Louis, at 620 Washington avenue. Not manager for all of them— just 620 Washington avenue. I have been employed there three years in that capacity. * * * The first time I saw her (appellee) she applied to me for a position; I don't remember the exact date. It was a week or ten days before she was injured. I was in need of a counter girl and she applied to me for the position, saying she had worked extra for three days at our restaurant in East St. Louis, which qualified her as

having some experience, and I told her to come back the next day and go to work.''

Appellant's evidence is also to the effect that the John R. Thompson Company, Indiana corporation, had seven restaurants in St. Louis, and that Brown was the superintendent of those seven restaurants and of the restaurant at 126 Collinsville avenue, East St. Louis; that he received one-eighth of his pay from the restaurant in East St. Louis, and seven-eighths from the restaurants in St. Louis. W. W. Walker, assistant secretary of the Thompson restaurant in St. Louis and the Thompson restaurant in East St. Louis, testified that the accounts of the Illinois corporation and the Indiana corporation were kept separate and distinct, and that the board of directors of the Indiana corporation was a separate and distinct board from that of the Illinois corporation, the Indiana board having certain members not belonging to the Illinois board; that the directors of the Indiana corporation were John R. Thompson, H. M. Henriksen and S. D. Goldenberg, and that the directors of the Illinois corporation were John R. Thompson, John R. Thompson, Jr., S. D. Goldenberg, H. M. Henriksen, C. A. McCullough, R. K. Kauffman and H. F. Nehls.

It will be observed from an examination of the declaration filed in this cause, and the special pleas filed thereto, that the direct issue is raised as to the ownership by appellant of the restaurant located at 620 Washington avenue, St. Louis. We are of the opinion and hold that the evidence on this issue clearly discloses that appellant did not own said restaurant, but that the same was owned by said Indiana corporation. As it is not averred in the declaration that appellant had so conducted its business as to estop it from denying that it was in the possession, control and operation of said restaurant at 620 Washington avenue, we would be warranted in not further considering the case. However, counsel, both for appellant and for appellee, have

discussed this case and have cited authorities as though that question were in the record, and for this reason we have deemed best to give consideration to the matters presented in connection therewith, so that the parties may have the view of the court thereon.

It will be observed in this case that there is no contention that appellant was the owner of the stock of the Indiana corporation, having the restaurant at 620 Washington avenue, St. Louis. Even in cases where a corporation sued owned the whole or practically all of the stock of the corporation which caused an injury, and where such corporation, through the election of its board of directors, had the practical control of the corporation causing the injury, still, unless the corporation sued actually possessed or operated, through its board of directors, the corporation that caused the injury, or there was a joint or partnership operation, the corporation sued has been held not liable. *Proctor v. Wells Bros. Co.*, 262 Ill. 77; *Stone v. Cleveland, C., C. & St. L. R. Co.*, 202 N. Y. 352, 35 L. R. A. (N. S.) 770; *People's Tobacco Co. v. American Tobacco Co.*, 246 U. S. 79; *Carr v. U. S. Silica Co.*, 153 Ill. App. 511.

In *Pullman's Palace Car Co. v. Missouri Pac. Ry. Co.*, 115 U. S. 587, the court says:

"The two roads (Missouri Pacific and Iron Mountain Railway Co.) are substantially owned by the same persons and operated in the same interest, but that of the St. Louis, Iron Mountain & Southern Company is in no legal sense controlled by the Missouri Pacific. * * * The Missouri Pacific Company has bought the stock of the St. Louis, Iron Mountain & Southern Company and has effected a satisfactory election of directors, but this is all. It has all the advantages of a control of the road, but that is not, in law, the control itself. Practically it may control the company, but the company alone controls its road. In a sense, the stockholders of a corporation own its property, but they are not the managers of its business or in the

immediate control of its affairs. Ordinarily they elect the governing body of the corporation and that body controls its property. Such is the case here, * * *. It (the defendant) is not the corporation in the sense of that term as applied to the management of the corporate business of the control of the corporate property."

In *Proctor v. Wells Bros. Co., supra,* in discussing a question somewhat similar to the question at bar, the court at page 80 says:

"The corporations operated and were conducted as distinct and separate companies. Addison E. Wells was president of Wells Brothers Company and the vice president of Wells Brothers Company of New York. F. A. Wells was president of Wells Brothers Company of New York and vice president of Wells Brothers Company. Addison E. Wells had an office in the Monadnock block, in Chicago, and Harry L. Wells had an office in the same suite. There can be no doubt that the plaintiff here intended to sue the company by which he had been employed, or that his attorneys intended to sue that company, but they were mistaken as to what company it was, and actually sued another corporation. Misled by the similarity of name and ignorant of the existence of the other corporation, they had a summons issued against the Illinois company by its corporate name and served upon its secretary. When the plea was filed denying that the defendant was in possession or control of the premises, machinery, appliances or persons alleged in the declaration, the plaintiff in error continued to insist that the defendant was in such possession and control and was the company by which he was employed, brought the case on for trial, and only after a jury had been impaneled did he retreat from that position."

While the evidence discloses that appellant and the Indiana corporation at the time of the injury in question had the same president, secretary and assistant

secretary, and while the evidence also discloses that the witness Brown was the general manager of the restaurant at 126 Collinsville avenue, East St. Louis, and of the seven restaurants in St. Louis, Missouri, it is further to the effect that each corporation has its own pay roll and is responsible for its own accounts, and that the accounts of one corporation are not paid by the other.

The mere fact that two corporations may have certain persons who are managing officers in both corporations, in and of itself, will not render one corporation liable for injuries caused by the other. In *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U. S. 333, 69 L. Ed. 634, the Supreme Court says:

"The Alabama corporation, which has an office in North Carolina, is the instrumentality employed to market Cudahy products within the state, but it does not do so as defendant's agent. It buys from the defendant and sells to dealers. In fulfilment of such contracts to sell, goods packed by the defendant in Iowa are shipped direct to dealers, and from them the Alabama corporation collects the purchase price. Through ownership of the entire capital stock and otherwise the defendant dominates the Alabama corporation immediately and completely, and exerts its control both commercially and financially in substantially the same way and mainly through the same individuals as it does over those selling branches or departments of its business not separately incorporated which are established to market the Cudahy products in other states. The existence of the Alabama company as a distinct corporate entity is, however, in all respects, observed. Its books are kept separate. All transactions between the two corporations are represented by appropriate entries in their respective books in the same way as if the two were wholly independent corporations. This corporate separation from the general Cudahy busi-

ness was doubtless adopted solely to secure to the defendant some advantage under the local laws.''

The Supreme Court then discusses the organization of a subsidiary corporation controlled by the parent organization and, continuing, says:

''That such use of a subsidiary does not necessarily subject the parent corporation to the jurisdiction was settled by *Conley v. Mathieson Alkali Works*, 190 U. S. 406; *Peterson v. Chicago, R. I. & P. R. Co.*, 205 U. S. 364, and *People's Tobacco Co. v. American Tobacco Co.*, 246 U. S. 79. In the case at bar, the identity of interest may have been more complete, and the exercise of control over the subsidiary more intimate, than in the three cases cited, but that fact has, in the absence of an applicable statute, no legal significance. The corporate separation, though perhaps merely formal, was real. It was not pure fiction.''

In *People's Tobacco Co. v. American Tobacco Co.*, 246 U. S. 79, at page 87, the court says:

''The fact that the company owned stock in the local subsidiary companies did not bring it into the state in the sense of transacting its own business there. (Citing: *Peterson v. Chicago, R. I. & P. R. Co.*, 205 U. S. 364; *Philadelphia & R. Ry. Co. v. McKibbin*, 243 U. S. 264.) As to the continued practice of advertising its wares in Louisiana, and sending its soliciting agents into that state, as above detailed, the agents having no authority beyond solicitation, we think the previous decisions of this court have settled the law to be that such practices did not amount to that doing of business which subjects the corporation to the local jurisdiction for the purpose of service of process upon it.''

From our examination of the foregoing and other authorities, we are of the opinion and hold that the evidence in the record is insufficient to sustain a judgment against appellant for the injuries to appellee, received by her while working for the John R. Thompson Company, an Indiana corporation, at 620 Washington

avenue, St. Louis, Missouri. For the reasons above set forth, the judgment of the trial court will be reversed.

*Judgment reversed.*