SELBERT v. LANCASTER CHOCOLATE & CARAMEL CO. et al.

Circuit Court of Appeals, Sixth Circuit.
January 6, 1928.

No. 4818.

1. Corporations ⟨=⟩668(15)—Foreign corporation must be present and doing business within territorial jurisdiction of court to validate service of subpœna on president thereof.

In order that service of subpœna on president of foreign corporation personally shall constitute a valid service, it must appear that such corporation was present and doing business within territorial jurisdiction of court, and business must be of a nature warranting an inference that corporation has subjected itself to local jurisdiction.

2. Corporations ⟨=⟩668(15)—Foreign corporation did not, because of ownership of stock in local corporations, subject itself to local jurisdiction, authorizing service on president personally.

Foreign corporation, organized to engage in manufacture of candy, and also authorized to hold capital stock of other corporations in like or similar lines of business, held not, by reason of acquiring capital stock of local corporations, to have subjected itself to local jurisdiction, authorizing service of subpœna on its president personally.

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

Suit by Bertha Ruehl Selbert against the Lancaster Chocolate & Caramel Company and others. Order quashing the service of summons, and complainant appeals. Affirmed.

Robert Black, of Cincinnati, Ohio (George C. Kuhn and H. C. Bolsinger, both of Cincinnati, Ohio, on the brief), for appellant.

John W. Peck, of Cincinnati, Ohio (Otto Pfleger, of Cincinnati, Ohio, on the brief), for appellees.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. The facts are sufficiently stated in the opinion of the District Judge. After consideration of the criticisms made by appellant's counsel in his printed and oral arguments, we are satisfied that the conclusions of the court below are correct, and we approve and adopt that opinion. To the cases there cited we add the Supreme Court decisions in Philadelphia Co. v. McKibbon, 243 U. S. 264, 268, 37 S. Ct. 280, 61 L. Ed. 710, and James-Dickinson Co. v. Harry, 273 U. S. 119, 122, 47 S. Ct. 308, 71 L. Ed. 569, and we note that this court has repeatedly

recognized the separate identity, at least for most purposes, of a holding and of a subsidiary corporation, even though the former owns substantially all of the stock of the latter. City of Holland v. Holland Co. (C. C. A.) 257 F. 679, 684; Kardo Co. v. Adams (C. C. A.) 231 F. 960, 968; General Co. v. Lake Shore Co. (C. C. A.) 250 F. 160, 165.

The order quashing the service of summons [subpœna] is affirmed. The opinion below follows:

Hickenlooper, District Judge. The complainant has filed his bill in equity against the Lancaster Chocolate & Caramel Company, a corporation under the laws of Delaware, and William C. Bidlack, praying that an accounting be ordered between the corporation defendant and the said William C. Bidlack, and that it be ascertained the amount of stock and moneys alleged to have been illegally obtained by him, that such preferred stock as has been illegally and fraudulently issued be canceled, and that a judgment be recovered on behalf of said corporation for all moneys so found to be due. Complainant also prays for the appointment of a receiver to hold and administer the assets of said Lancaster Chocolate & Caramel Company, whether held in its own name or the name of one of its subsidiary corporations, and that such receiver be authorized and directed to bring any necessary actions on behalf of the corporation for the recovery of its assets or the cancellation of its capital stock.

The Lancaster Chocolate & Caramel Company, appearing specially for the purposes of this motion and for no other purpose, now moves the court to quash the service of summons which was made by delivering the subpœna to William C. Bidlack personally, as president of the defendant company.

The Lancaster Chocolate & Caramel Company appears from the evidence to be a corporation organized under the laws of Delaware, and authorized by its charter, not only to engage in the actual manufacture of candy, its principal plant being located at Lancaster, Pa., but also being authorized to hold the capital stock of other corporations in like or analogous lines of business. Pursuant to this latter corporate power the Lancaster Chocolate & Caramel Company has acquired all the capital stock of the Reinhart & Newton Company, a corporation organized under the laws of Ohio and having its principal place of business in Cincinnati. The Reinhart & Newton Company holds all the capital stock of the Dolly Varden Chocolate Company, another Ohio corporation, with offices at Cincinnati.

Mr. Bidlack is president of all three companies, and four of the five directors of the Lancaster Chocolate & Caramel Company are also directors of the Reinhart & Newton Company and the Dolly Varden Chocolate Company.

[1, 2] In order to constitute a valid service in the case at bar it must appear that the defendant corporation was present and doing business within the territorial jurisdiction of this court. The general rule unquestionably is that such business "must be of a nature warranting the inference that the corporation has subjected itself to the local jurisdiction, and is, by its duly authorized officers or agents, present within the state or district where service is attempted." People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537.

Plaintiff contends that the defendant corporation is shown to be thus present within the jurisdiction of this court, and here engaged in the prosecution of its business, upon the argument that one of the purposes, if not the chief purpose, of the defendant corporation was the control, management, and prosecution of the business of the two Ohio subsidiaries; that the court will look through corporate fiction, and that where it is apparent that the foreign corporation is carrying out one of the purposes for which it was organized, and conducting a business here through the mere means or instrumentality of domestic corporations, the court, regarding substance and not mere matter of form, will hold that the foreign corporation is present and engaged in carrying on its business within this jurisdiction. In support of this contention, the plaintiff cites Chicago, etc., Ry. v. Minneapolis Civic Ass'n, 247 U. S. 490, 500, 501, 38 S. Ct. 553, 62 L. Ed. 1229. In answering this contention, the case of Cannon Mfg. Co. v. Cudahy Packing Co., 267 U. S. 333, 336, 45 S. Ct. 250, 251 (69 L. Ed. 634), seems precisely in point:

"That such use of a subsidiary does not necessarily subject the parent corporation to the jurisdiction was settled by Conley v. Mathieson Alkali Works, 190 U. S. 406, 409–411 [23 S. Ct. 728, 47 L. Ed. 1113], Peterson v. Chicago, Rock Island & Pacific Ry. Co., 205 U. S. 364 [27 S. Ct. 513, 51 L. Ed. 841], and People's Tobacco Co., Ltd., v. American Tobacco Co., 246 U. S. 79, 87 [38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537]. In the case at bar, the identity of interest may have been more complete, and the exercise of control over the subsidiary more intimate, than in the three cases cited;

but that fact has, in the absence of an applicable statute, no legal significance. The corporate separation, though perhaps merely formal, was real. It was not pure fiction. There is here no attempt to hold the defendant liable for an act or omission of its subsidiary or to enforce as against the latter a liability of the defendant. Hence cases concerning substantive rights, like Hart Steel Company v. Railroad Supply Co., 244 U. S. 294 [37 S. Ct. 506, 61 L. Ed. 1148]; Chicago, etc., Ry. Co. v. Minneapolis Civic Association, 247 U. S. 490 [38 S. Ct. 553, 62 L. Ed. 1229]; Gulf Oil Corp. v. Lewellyn, 248 U. S. 71 [39 S. Ct. 35, 63 L. Ed. 133]; and United States v. Lehigh Valley R. R. Co., 254 U. S. 255 [41 S. Ct. 104, 65 L. Ed. 253], have no application."

In the present case, the facts that the boards of directors of the foreign and domestic corporations were interlocking, that officers of the foreign corporation occupied relatively the same offices in the domestic corporations, that the foreign corporation was vitally interested in the success of the domestic corporations, or even that the foreign corporation was specifically organized to acquire and hold stock in the domestic corporations and through stock ownership to supervise, manage, and control the business of such domestic corporations, or all combined, are insufficient to support the inference that the foreign corporation has subjected itself to local jurisdiction, or that it is by its duly authorized officers and agents here present. The defendant's office is located at Lancaster, Pa., its books of account are there kept, and the control which it exercises over the domestic corporations is certainly no greater than that which existed in the Cudahy Case, where the defendant was said to dominate the local corporation immediately and completely, commercially and financially. This being so, it is quite apparent that the officers of the defendant corporation do not bring the corporation within this district whenever such officers may journey here, even though some business of the foreign corporation may be here transiently conducted, or even though they come primarily in the interest of such foreign corporation. There is a marked distinction between "coming in the interest of the foreign corporation," or even incidentally transacting some business here on behalf of the foreign corporation, and being so engaged "on the business of" the foreign corporation as to justify the inference that the corporation has subjected itself to the local jurisdiction and is here present doing business. Ro-

senberg Bros. & Co., Inc., v. Curtis Brown Co., 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372; Green v. C., B. & Q. Ry., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916.

In the instant case we are constrained to hold that the affidavit and evidence shows affirmatively that the defendant William C. Bidlack was present within the jurisdiction of this court solely as an individual and officer of the domestic corporations; that the connection of the Lancaster Chocolate & Caramel Company to the domestic corporations was indirect, in the sense of being dependent solely upon stock ownership and the ordinary commercial transactions of purchase and sale of merchandise; that, even though the control of the board of directors of the defendant corporation over the domestic corporations was absolute, because of interlocking directorates and the same officers, the corporate separation has been maintained and was real; and that the defendant corporation was not present in this jurisdiction and here transacting business through the person or instrumentality of its separate subsidiaries.

The motion to quash the service of summons on the corporate defendant must be sustained.