### ST. JOHN et al. v. OKLAHOMA NATURAL GAS CORPORATION.
#### No. 6849.

Circuit Court of Appeals, Fifth Circuit.

Feb. 17, 1934.

E. M. Critz, of Coleman, Tex., for appellants.

R. C. Allen, I. J. Underwood, Sam S. Canterbury, and O. L. Lupardus, all of Tulsa, Okl., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellants, all citizens of Texas, brought a suit in a state court against appellee, a Maryland corporation, with its principal place of business in Oklahoma, to recover damages for breach of a contract to purchase natural gas. Service of citation was made on E. R. Bradbury, who at one time had been designated as an agent for that purpose by appellee. The suit was removed to the federal court, appellee appeared specially and moved to quash the service. The motion was granted. Appellants then stated that service could not be made on any other person. The suit was dismissed without prejudice. This appeal followed.

The following facts appear without dispute: Appellee was granted a permit to do business in Texas, and appointed E. R. Bradbury as its agent for service. It surrendered its permit to do business in Texas on February 26, 1931, and canceled the power of attorney to Bradbury as its agent for service. This was put of record. The suit was filed in the state court on September 29, 1932, over a year later. Citation was served on Bradbury in due course. Appellee was not doing business in Texas when service was made, and had no property or assets of any kind within the state.

Appellants contend that the cause of action arose out of a Texas contract while appellee was lawfully doing business in Texas, and that the corporation was still suable in Texas in respect of that business through service of process on its former agent. This contention is untenable. There is no Texas statute having any application to the case. Appellants are seeking a personal judgment, and service on Bradbury was not service on any one authorized to represent appellee. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517; People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537.

The record presents no reversible error. Affirmed.