TACA INTERNATIONAL AIRLINES, INC., A CORPORATION OF EL SALVADOR, PLAINTIFF, v. ROLLS-ROYCE, LTD., A CORPORATION OF ENGLAND, ROLLS-ROYCE OF CANADA, LTD., A CORPORATION OF CANADA, ROLLS-ROYCE, INC., A CORPORATION OF DELAWARE, CAPITAL AIRLINES, INC., A CORPORATION OF DELAWARE AND UNITED AIRLINES, INC., A CORPORATION OF DELAWARE, DEFENDANTS.

Superior Court of New Jersey
Law Division

Heard June 8, 1962—Decided June 12, 1962.

*Mr. Donald A. Robinson* argued the motion for the plaintiff (*Messrs. Shanley & Fisher,* attorneys).

*Mr. James C. Pitney* argued the motion for the defendants (*Messrs. Pitney, Hardin & Kipp,* attorneys).

*Mr. Harold M. Savage* argued the cause for defendants Capital Airlines, Inc. and United Airlines, Inc.

CONKLIN, J. S. C.  This is an action in which plaintiff, Taca International Airlines, Inc., an El Salvador Corporation, sues for $1,610,176.67 property damage resulting from a crash of its Viscount airplane on March 5, 1959, in the Republic of Nicaragua.  The complaint is against five defendants:  Rolls-Royce, Ltd., an English Corporation; Rolls-Royce of Canada, Ltd., a Canadian Corporation; Rolls-Royce, Inc., a Delaware Corporation; Capital Airlines, Inc., a Delaware Corporation; and United Airlines, Inc., a Delaware Corporation.  Each defendant is charged with negligence and breach of warranty.  There are eight counts in the complaint.  In the first and second counts, Rolls-Royce, Ltd. is charged with having caused the crash because in May 1957 it negligently manufactured and assembled one of the engines on the plane and negligently supplied deficient parts for the engine.  The third and fourth counts allege that in October 1958, about five months before the crash, the three Rolls-Royce defendants in connection with

their overhaul and repair of the engine, negligently supplied inferior parts, technical advice and information. In the fifth and sixth counts, Capital is charged with negligently overhauling and repairing the engine. The seventh and eighth counts are against United Airlines which, as a result of the merger, has assumed and incurred Capital's liabilities.

Rolls-Royce, Inc., Capital Airlines, and United Airlines have answered the complaint. The latter two parties have cross-claimed and demanded contribution against Rolls-Royce, Ltd. and Rolls-Royce of Canada, Ltd.

Rolls-Royce, Ltd. and Rolls-Royce of Canada, however, have moved to dismiss the complaint instituted by plaintiff Taca International Airlines, Inc., on the basis of lack of jurisdiction, and to quash the alleged service of process upon them on the basis of noncompliance with *R. R.* 4:4–4(*d*).

Plaintiff moves for an adjournment of the above motions and requests to exercise its right to depose the moving defendants on the issue of jurisdiction. It is urged that *R. R.* 4:16–2 allows that depositions may inquire into the "defense of any other party." See also, *R. R.* 4:16–4.

As no New Jersey case relating to the use of depositions on the issue of jurisdiction has been found, it is reasonable to consider Federal cases arising under the Federal prototype of the New Jersey Rule, *F. R. C. W. P.* 26(*a*), 28 *U. S. C. A.*

The Federal courts have tended to recognize the use of depositions as an appropriate means of ascertaining facts relevant to the issue of jurisdiction. *Blair Holdings Corporation v. Rubenstein,* 159 *F. Supp.* 14, 15 (*S. D. N. Y.* 1954); *Mikulewicz v. Standard Electrical Tool Co.,* 20 *F. R. D.* 229, 230 (*S. D. N. Y.* 1957).

In *River Plate Corp. v. Forestal Land, Timber and Railway Co., Ltd.,* 185 *F. Supp.* 832 (*S. D. N. Y.* 1960), plaintiff attempted to serve a number of foreign corporations by serving domestic corporations as the formers' agents. The defendants moved to dismiss in reliance upon affidavits.

Plaintiff moved to stay defendant's motions until it had discovery. The court held, at *page* 835:

"Whether or not depositions should be permitted on such a motion as this is a matter of *discretion*, as the Forestal defendants readily concede. In my view under the facts and circumstances in this case discretion should be exercised so as to give plaintiff an opportunity to take depositions as to jurisdictional facts." (Emphasis added)

Defendants Rolls-Royce, Ltd. and Rolls-Royce of Canada, Ltd. contend that jurisdiction may not be allowed unless the plaintiff who opposes a motion to dismiss on these grounds makes a *prima facie* showing of jurisdiction. The rationale urged is to prevent plaintiff from instituting suits indiscriminately against corporate defendants in jurisdictions where they have little or no reason to suspect defendants are doing business. However, this *"prima facie"* rule is not supported by the cases cited. See *Tradesmens Nat. Bank and Trust Co. v. Charlton Steam Shipping Co.,* 3 *F. R. D.* 363, 364 (*D. C. E. D. Pa.* 1944); *Pollak Bros. v. Leo-Tax Co.,* 20 *F. R. D.* 396, 397 (*D. C. S. D. N. Y.* 1957).

While there are no New Jersey cases expressly holding that depositions are proper, the reason would seem to be that the issue never has been raised, simply because clearly a plaintiff has the right either to complete discovery or to offer testimony in court. Thus, in *A & M Trading Corp. v. Pennsylvania R. Co.,* 13 *N. J.* 516, 522 (1953), the court pointed out that "The factual situation was developed by affidavit and depositions * * *" Then, too, in *Miklos v. Liberty Coach Co.,* 48 *N. J. Super.* 591 (*App. Div.* 1958), the court noted that plaintiffs called as their own witness, at the hearing on the motion, the person served with process as the defendant's agent. Further, only recently, in *Dowd v. Boro Drugs, Inc.,* 70 *N. J. Super.* 488 (*App. Div.* 1961), both parties called witnesses at the hearing on the motion to dismiss. Also, in *People's Tobacco Co. v. American Tobacco Co.,* 246 *U. S.* 79, 38 *S. Ct.* 233, 62 *L. Ed.* 587 (1918), the Supreme Court observed, at *page* 83 of its

opinion, that the trial court took testimony at the hearing on the motion to dismiss.

It is concluded that the issue of whether depositions should be allowed is a matter solely within the discretion of this court. In its consideration of the matter of jurisdiction, the court, as a matter of course, considers whether the suit was indiscriminately instituted.

Plaintiff, through the affidavit of Donald A. Robinson, Esq., and the facts presented in the affidavits of Mr. A. P. Young and Mr. John Grillo, has presented sufficient factual justification for the allowance of depositions solely for the purpose of determining whether this court has jurisdiction over defendants Rolls-Royce, Ltd., and Rolls-Royce of Canada. See *Hoagland v. Springer, 74 N. J. Super.* 275 (*Law Div.* 1962).

Terms and conditions to be settled by the court if the parties cannot stipulate, with costs to abide the outcome. To this end all motions and cross-motions are stayed, except the motions for adjournment and to take depositions.