**UNITED STATES of America and Commodity Credit Corporation, Libellants,**

v.

**The S.S. ORIZABA, her engines, etc., T. J. Stevenson & Co., Inc. and Atlantic & Gulf Stevedores, Inc., Respondents.**

United States District Court
S. D. New York.
Aug. 30, 1963.

Dougherty, Ryan, Mahoney & Pellegrino, New York City, for respondent T. J. Stevenson & Co., Inc.

McHugh & Leonard, New York City, for Atlantic & Gulf Stevedores; by Martin J. McHugh, New York City, of counsel.

Robert M. Morganthau, U. S. Atty., Louis E. Greco, Attorney in Charge Admiralty & Shipping Section, New York City, for libellant.

CROAKE, District Judge.

This is a motion by the respondent, Atlantic & Gulf Stevedores, Inc., to vacate the service of the citation on the ground that it is not doing business in this district so as to subject it to the jurisdiction of this court.

This action has been brought in admiralty by the government and one of its corporations against a certain vessel, the operator of the vessel, and the steve-doring company, to recover damages to a cargo of flour belonging to the libellants. The amended libel is against the vessel *in rem*, and against the carrier, T. J. Stevenson & Co., Inc., and the stevedoring firm, Atlantic & Gulf Stevedores, Inc., *in personam*. It is asserted by libellants that after loading the flour (damages to which are now being sought) at Houston and Beaumont, Texas, the S.S. ORIZABA proceeded to New Orleans, Louisiana. At this latter port, additional United States Government cargo was loaded upon the vessel by the respondent Atlantic & Gulf Stevedores, Inc.

The flour shipments were unloaded at Naples and Alexandria and were found to be damaged, hardened and solidified by contact with water. Surveyors who examined the damaged flour expressed the opinion that a water pipe passing through the hold of the vessel had broken. The libellants assert that the respondent Atlantic & Gulf Stevedores, Inc., negligently damaged or broke the pipe in the course of the loading operation at New Orleans.

Movant Atlantic & Gulf Stevedores, Inc., is a Louisiana corporation. It is a wholly owned subsidiary of the John W. McGrath Corporation, an New York corporation. The McGrath Corporation solicits business for the movant. Movant alleges that the business solicited by McGrath amounts to less than 1% of the total business of Atlantic. The libellants counter with the assertion that the employment of the solicitors is continuous and systematic, and that the only feature which can be termed infrequent is the number of opportunities that may occur for them to perform their functions. Movant maintains a telephone listing in New York. The name and address listed is Atlantic & Gulf Stevedores, Inc., 39 Broadway. The libellants assert that there is a similar listing on the directory of the building at 39 Broadway. The libellants further assert that the name of the Atlantic & Gulf Stevedores, Inc., appears below that of the parent company on the "masthead" in the reception office.

Service of the citation was made upon the secretary of the movant, in the offices

at 39 Broadway. The president, treasurer, and secretary of the movant are all New York residents. These officers of the movant hold the same positions in the parent corporation. The libellants assert that the officers and directors in New York manage and determine the business policies of the movant. The libellants contend that the Louisiana and Texas personnel are subject to the orders of the New York officers, and that, with the exception of the mere physical handling of cargo, substantially all of the business of the movant is done in New York. The presence in New York of the above mentioned officers of the movant in the conduct of their business affairs is practically continuous. These assertions are substantially undisputed.

The libellants also state that the maintenance of a New York office results in the possession of greater prestige by the movant in the minds of potential customers out of the city and in foreign countries. This is asserted to result in a substantial flow of business to the movant. The libellants claim that the movant, having accepted the benefits of a New York address, should be amenable to service in New York.

The issue of whether the activities of a defendant constitute presence sufficient to confer jurisdiction upon the court is dependent, in each case, upon the specific facts present.[1] Nevertheless, the case of McClendon v. Curtis Bay Towing Company, 130 F.Supp. 455 (S.D.N.Y. 1955), cited by the libellants, is in point.[2] In that case, a Maryland corporation was sued under the Jones Act by a seaman who allegedly contracted tuberculosis due to the negligence of the corporation and unseaworthiness of its vessel. The defendant moved to set aside and vacate service of the summons for lack of jurisdiction, on the ground that the defendant was not present in New York at the time of service or prior thereto. The defendant engaged in towing and lighterage activities, with its principal place of business at Baltimore. The defendant employed one Donaldson in New York for the purpose of soliciting towing contracts.[3] The service was upheld notwithstanding (a) that the claim did not arise out of the corporate activities within the state, (b) that the business solicited by Donaldson was but a small percentage of the business of the corporation, and (c) that Donaldson was not an officer or director of the corporation at the time of service.

■ The prior determination [4] by this court, in a civil action, that movant (who was a third party defendant in that case) was not doing business in this district need not determine the outcome of the present motion. Assuming that the rules as to doing business are the same in civil actions as they are in admiralty, it is the law in this circuit that such a prior decision is not binding.[5]

The cases cited by the movant are distinguishable from the instant case.

■ This court is, therefore, of the opinion that the presence of the movant within this district was sufficient to render it subject to service. The motion to vacate the service of the citation is denied.

So ordered.

1. People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 87, 38 S.Ct. 233, 62 L.Ed. 587 (1918).

2. See also Applewhaite v. Saguenay Terminals, Limited, 150 F.Supp. 825 (S.D. N.Y.1956).

3. The fact that in the instant case the solicitors are paid by the parent corporation is not significant in view of the "loaned servant" doctrine. See Blair v. Durham, 134 F.2d 729, 732 (6th Cir. 1943).

4. Schmitt v. Intercontinental Transportation Co., Inc., Civ. 61–3140 S.D.N.Y. June 22, 1962.

5. Dictograph Products Co. v. Sonotone Corp., 230 F.2d 131, 136 (2d Cir. 1956).