**ARO MANUFACTURING CO., Inc., et al., Plaintiffs, Appellants,**

**v.**

**AUTOMOBILE BODY RESEARCH CORPORATION, Defendant, Appellee.**

**No. 6551.**

United States Court of Appeals
First Circuit.

Nov. 9, 1965.

Charles Hieken, Boston, Mass., with whom David Wolf and Wolf, Greenfield & Hieken, Boston, Mass., were on the brief, for appellants.

Stephen A. Moore, Boston, Mass., for appellee.

Before ALDRICH, Chief Judge, HAM-LIN, Senior Circuit Judge,* and Mc-

* Sitting by designation.

ENTEE, Circuit Judge.

McENTEE, Circuit Judge.

This is a suit for alleged Federal Anti-Trust Act violations brought by two Massachusetts plaintiffs, Aro Manufacturing Company and Aro Top Sales Company, (both hereinafter called Aro) against three defendants, one of which is appellee, Automobile Body Research Corporation (hereinafter called Automobile Body). The case is before us on appeal of Aro from an order of the district court dismissing the suit against Automobile Body for lack of jurisdiction.

Automobile Body is a Maryland corporation. It is not registered to do business in Massachusetts. Its principal assets are two combination patents covering convertible automobile folding top mechanisms. This corporation does not manufacture or sell any products of any kind. Its business consists of assigning rights in these patents and collecting royalties thereon. Aro makes and sells unpatented replacement fabrics for automobile tops. Service of process in this case was purported to have been made on the defendant, Automobile Body, in Massachusetts, by serving a summons on one Paul V. Power, the Massachusetts attorney for the defendant, Convertible Top Replacement Company (hereinafter called Convertible Top). This corporation, Aro contends, is the agent or alter ego of Automobile Body in Massachusetts. Service was also purported to have been made on Automobile Body by serving a summons on the Massachusetts Commissioner of Corporations and Taxation. In support of its motion to dismiss, the treasurer of Automobile Body submitted an affidavit stating, amongst other things, that neither he, as treasurer or as agent for service, nor any of the other officers of the corporation have received any service in connection with this suit; that the officers and directors of Automobile Body, all of whom live in Maryland, do not travel outside of that state on company business; that from an examination of all correspondence of Automobile Body for a period of six months prior to the date of his affidavit (May 23, 1962) he found no record of any correspondence with anyone in Massachusetts; and that this corporation has never maintained an office or other place of business in Massachusetts. With reference to Convertible Top, the affidavit flatly states that none of the officers, employees, directors or stockholders of Automobile Body have ever had any position or connection with Convertible Top and that these two corporations are entirely separate and distinct. The affidavit further states that Automobile Body has never directly or indirectly retained Attorney Power in any connection and he has never been a representative or agent of Automobile Body for any purpose whatsoever. The oral testimony of Attorney Power at the hearing on the motion corroborated this statement. Aro contends that Automobile Body itself does business directly in Massachusetts and also indirectly through its agent and alter ego, Convertible Top. In support of these contentions Aro's attorney filed a counter affidavit, most of which is based upon information and belief, in which he asserts, among other things that Convertible Top was set up as a "shell" or "dummy" corporation for the purpose of bringing suit on behalf of Automobile Body against Aro in Massachusetts for patent infringement. This counter affidavit further states that prior to the formation of Convertible Top, Automobile Body had attempted to collect royalties from Aro on these patents and that on several occasions the patent attorney for Convertible Top submitted proposed license agreements to Aro's attorney with reference to the patents then owned by Automobile Body.

■ There are two basic questions involved in this case: (1) service of process and (2) venue. Inasmuch as service of process is the vehicle by which the court may obtain jurisdiction, we shall consider first the question of service. The

venue provision of the Clayton Act,[1] under which this suit is brought, also provides where process in such suit may be served. In suits under this statute, service on a foreign corporation is also valid if made in the manner prescribed by the law of the state in which service is made. Fed.R.Civ.P. 4(d)(7).

The district court in granting defendant's motions to dismiss for lack of jurisdiction, held that service upon Attorney Power was not authorized by Automobile Body and also that an attempt to collect royalties for an alleged patent infringement does not constitute "doing business" within the meaning of the Massachusetts statute so as to permit service of process on the Commissioner of Corporations and Taxation.

 From an examination of the record it is clear that Attorney Power was not authorized to accept service for Automobile Body. Furthermore the record is devoid of proof that Convertible Top is the agent of Automobile Body. The allegation of agency here is a mere conclusion. There is no indication of the source of this information or of the dates or the frequency with which Convertible Top so acted. The affidavit presented on behalf of Automobile Body specifically stated that these two corporations are entirely separate and distinct. The burden of proving jurisdictional

facts is upon the plaintiff. Kvos, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936) and McManus v. Capital Airlines, Inc., 166 F.Supp. 301 (E.D.N.Y.1958). Thus, we agree with the district court that service upon Power was insufficient to confer jurisdiction over Automobile Body.

 Whether or not the service on the Commissioner of Corporations was sufficient service on Automobile Body pursuant to chapter 181, section 3 of the Massachusetts General Laws[2] depends on whether Automobile Body is doing business in the Commonwealth. No general definition can be made of the phrase "doing business" in a state statute relating to service on a foreign corporation. What constitutes "doing business" must be decided on the particular facts of each case. Echeverry v. Kellogg Switchboard & Supply Co., 175 F.2d 900, 903 (2d Cir. 1949).

In support of its contention that Automobile Body does business directly in Massachusetts the counter affidavit submitted by the attorney for Aro states, on information and belief, that Automobile Body attempts to license and does license manufacturers and sellers of unpatented replacement fabrics. This is another mere conclusory allegation. It has been suggested that since Automobile Body's only business is to assign patents and

---

1. 15 U.S.C. § 22 provides:

 "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

2. Chapter 181, Section 3, Mass.Gen.Laws, provides in part:

 "Every foreign corporation, which does business in this commonwealth * * * shall, before doing business in this commonwealth, in writing, appoint the state secretary * * * to be its true and lawful attorney upon whom all lawful process in action or proceeding against it may be served * * *."

(Previous to the 1962 amendment, this section provided that process would be made to the Commissioner of Corporations).

Chapter 181, § 3A, Mass.Gen.Laws, provides in part:

 "Any such corporation which does business in this commonwealth without complying with the provisions of section three, * * * shall, * * * be deemed and held, in relation to any cause of action or proceeding arising out of such business, to have appointed the commissioner and his successor in office to be its true and lawful attorney, and any process in any such action or proceeding against it served upon the commissioner or his successor in office shall be of the same legal force and validity as if served on such corporation."

**404**

collect royalties and since this is all it does, for it this constitutes "doing business." Even if this is true there is no proof here that this corporation did these things *in Massachusetts*.

 Even if the activities of Convertible Top in Massachusetts can be construed as doing or transacting business there, and assuming that Convertible Top is a subsidiary of Automobile Body, this would not be dispositive. Automobile Body was not doing or transacting business in Massachusetts merely because its subsidiary was. Cannon Mfg. Co. v. Cudahy Co., 267 U.S. 333, 336, 45 S.Ct. 250, 69 L.Ed. 634 (1924); People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 87, 38 S.Ct. 233, 62 L.Ed. 587 (1918). Nor is there any proof in this case that Convertible Top is a "dummy" or an instrumentality of Automobile Body. At most, it is a subsidiary.

We also find that there is no valid service here under the provisions of Section 12 of the Clayton Act. 15 U.S.C. § 22. (See footnote 1) Service under this section is valid only if the defendant is served in the district of which it is an inhabitant, or wherever it may be found. The word "inhabitant" is synonymous with "resident." A corporation is a resident of the state in which it is incorporated and obviously Automobile Body is not a resident of Massachusetts. Shaw v. Quincy Mining Co., 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768 (1892); Suttle v. Reich Bros. Construction Co., 333 U. S. 163, 68 S.Ct. 587, 92 L.Ed. 614 (1947). Nor can it be maintained that Automobile Body is "found" in Massachusetts. When applied to a corporation this statutory requirement is the equivalent of saying that it must be present there by its officers and agents carrying on the business of the corporation. In this way only can a corporation be said to be "found" within the district. People's Tobacco Co. v. American Tobacco Co., supra, 246 U.S. at 84, 38 S.Ct. 233. Since there is insufficient proof that Automobile Body is doing business in Massachusetts it cannot be said to be "found" there.

Inasmuch as there has been no valid service of process on Automobile Body it is unnecessary for us to consider the question of venue. No other questions raised in the briefs need be considered.

Affirmed.