**PAPE TELEVISION COMPANY, Inc., Appellant,**

v.

**ASSOCIATED ARTISTS PRODUCTION CORPORATION and A.A.P., Inc., Appellees.**

No. 18054.

United States Court of Appeals
Fifth Circuit.
June 17, 1960.

Willis C. Darby, Jr., Vincent F. Kilborn, Mobile, Ala., for appellant.

C. A. L. Johnstone, Jr., Mobile, Ala., McCorvey, Turner, Johnstone, Adams & May, Mobile, Ala., of counsel, for appellee.

Before HUTCHESON, TUTTLE and JONES, Circuit Judges.

PER CURIAM.

The motion for rehearing filed by appellees challenges the conclusion in the opinion of this Court that the Supreme Court in United States v. Paramount Pictures et al., 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, "condemned the practice [of block-booking of motion pictures] *per se*," [277 F.2d 750, 753,] and our further conclusion that that decision of the Supreme Court automatically applied to block-booking of motion pictures for television.

We recognize that the statement of an abstract legal principle, even when made by the Supreme Court, is a binding precedent only insofar as it is applied to the facts of the case in which the pronouncement is made. We further recognize that there is no case in which the only "anti-trust" [1] practice charged is the practice of block-booking. There may, therefore, be some merit in the argument that until such a case is before the court for decision any general condemnation of block-booking, except in the circumstances in which it is practiced in the particular case is dictum.

In our search for decisions of the Supreme Court, either to control our action or to guide it, we are not infrequently guided by a statement of general principles even though the statement is broader than is necessary to decide the case before the Court. It is difficult to see how the statement of the Supreme Court in the block-booking case and the "tie-in" cases, Northern Pacific R. R. Co. v. United States, 356 U.S. 1, 78 S.Ct. 514, 2 L. Ed.2d 545; Times-Picayune Publishing Co. v. United States, 345 U.S. 594, 595, 73 S.Ct. 872, 97 L.Ed. 1277; Black v. Magnolia Liquor Co., 355 U.S. 24, 78 S. Ct. 106, 2 L.Ed.2d 5, could be construed in any manner other than as a condemnation of every practice in which a party owning a legal monopoly over an article conditions the sale or licensing of that article upon the agreement of the other party to buy or bargain as to another product. However, since there is before us only the propriety of the court's dismissal of the action for failure to allege facts on which relief could be granted, we consider it appropriate to state that we do not, at this stage of the proceedings, find the law to be that all practices such as alleged to be practiced by the appellees here are *per se* illegal. We leave this matter open. We find that the complaint alleged a cause of action. The precise limits of the legal principles heretofore announced by the Supreme Court and whether appellees transgressed then, can be better determined in this case after the defendants have answered and after proof has been made.

Our judgment stands. To the extent that the foregoing modifies the reasoning embodied in our opinion, the original opinion is amended accordingly.

---

1. We use this term descriptively to include all acts prohibited by Section 1 of the Sherman Act, 15 U.S.C.A. § 1.