**RAUL INTERNATIONAL CORPORATION, Plaintiff,**

v.

**NU–ERA GEAR CORPORATION, Defendant.**

United States District Court
S. D. New York.
May 24, 1961.

Alfert & Schwartz, New York City, for plaintiff.

Greenbaum, Wolff & Ernst, New York City (Frederic Nathan, New York City, of counsel), for defendant.

EDELSTEIN, District Judge.

Defendant has moved to dismiss the action on the ground of improper venue and to quash the service of process. The complaint alleges a violation of the Robinson-Patman Act, 49 Stat. 1526, 15 U.S.C. § 13, 15 U.S.C.A. § 13, and the Sherman Act, 26 Stat. 209, as amended 15 U.S.C. §§ 1–7, 15 U.S.C.A. §§ 1–7. Plaintiff alleges that it has been damaged in its business and property by reason of alleged price discrimination and an alleged conspiracy between defendant and its distributors. Plaintiff prays for an injunction and treble damages.

Defendant's motion raises three issues: (1) Is the Southern District of New York the proper venue for trial of this suit? (2) Is the defendant amenable to service of process within this district? (3) Was service of the summons and complaint made on a proper person? The relevant facts as they bear on these issues are as follows:

Plaintiff is a New York corporation, engaged in the business of buying and selling automobile parts. Defendant was a Michigan corporation with its principal place of business in Rochester, Michigan. Since the commencement of suit, defendant has been consolidated with several other corporations to form the Nu-Era Corporation, a Michigan corporation. Defendant is not qualified to do business in New York, conducted no manufacturing activities in New York, owned no real or personal property in New York, had no bank account and borrowed no money from sources inside New York, and kept no business or corporate records in New York. No resident of New York ever was an officer, director, or stockholder of defendant. No directors or stockholders meetings have ever been held in New York. Defendant has not filed any tax returns or paid any taxes in or for the State of New York. Defendant sold automotive products to domestic customers in the State of New York through an exclusive manufacturer's representative located in New York. Similarly, export sales were handled by another exclusive representative, one Bernard Neidenberg,

who represented at least one other manufacturer. Defendant's customers are solicited by these sales representatives. Orders are forwarded through the representatives or directly by the customer to defendant in Michigan. All orders are subject to approval and acceptance in Michigan, and shipments are made f. o. b. Michigan. Plaintiff and defendant have had business dealings since 1954, encompassing at least one hundred different transactions. Records submitted with the motion papers indicate that these dealings have been substantial.

Neidenberg acted as defendant's sales representative. His compensation consisted of commissions on goods shipped to his territory, whether solicited by him or not. No social security, withholding taxes or disability benefits were withheld from payments to Neidenberg. No control was exercised over the time or manner in which Neidenberg conducted his business and he was not reimbursed for expenses. Neidenberg is not an officer, director, or shareholder of defendant. However, Neidenberg caused defendant to be listed in the New York telephone book at his address and caused a listing of defendant in the directory of his building. Defendant's invoices sent to plaintiff contain the initials "B. N." under the heading "Salesman."

*Venue*

◼ In cases under the antitrust laws where the defendant is a corporation, venue is determined by § 12 of the Clayton Act, 15 U.S.C.A. § 22, which provides as follows:

> "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

Defendant urges that "transacting business" is synonomous with the "doing business" test applied to determine whether a corporation is amenable to process. The "doing business" test, however, is one of jurisdiction, while "transacts business" is a measure of venue. The "doing business" decisions cited by defendant are thus not conclusive on the question of venue. See Naifeh v. Ronson Art Metal Works, Inc., D.C.W.D.Okl. 1953, 111 F.Supp. 491, 493. "From the beginning it has been held that the transacting business test can be met by fewer local contacts than the doing business test requires." Note, 56 Colum.L.Rev. 394, 416 (1956); Abrams v. Bendix Home Appliances, Inc., D.C.S.D.N.Y. 1951, 96 F.Supp. 3, 5. In Eastman Kodak Co. of New York v. Southern Photo Materials Co., 1927, 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684, the Supreme Court gave "transacting business" a broader meaning than the concept of carrying on business denoted by "found" under the prior law. "[A] corporation is engaged in transacting business in a district * * * if in fact, in the ordinary and usual sense, it 'transacts business' therein of any substantial character." 273 U.S. at page 373, 47 S.Ct. at page 403.

> "In other words, for venue purposes, the Court sloughed off the highly technical distinctions theretofore glossed upon 'found' for filling that term with particularized meaning, or emptying it, under the translation of 'carrying on business.' In their stead it substituted the practical and broader business conception of engaging in any substantial business operations. * * * Refinements such as previously were made under the 'mere solicitation' and 'solicitation plus' criteria, * * were no longer determinative. The practical, everyday business or commercial concept of doing or carrying on business 'of any substantial

character' became the test of venue." United States v. Scophony Corp., 1948, 333 U.S. 795, 807, 68 S.Ct. 855, 861, 92 L.Ed. 1091.

Under the test as outlined, defendant transacted business in New York. "Shipment of goods to points within the district, coupled with solicitation of orders therein, activities which defendant concededly engaged in * * *, have been held sufficient to meet the 'transacting business' test of section 12. See Eastman Kodak Co. v. Southern Photo Materials Co., supra." Gem Corrugated Box Corp. v. Mead Corp., D.C.S.D.N.Y. 1960, 189 F.Supp. 584, 586. And the correspondence, invoices and other records submitted by defendant certainly show that in the ordinary and practical commercial sense, the degree of business transacted was of a substantial character. Thus, venue is properly laid in the Southern District of New York, pursuant to § 12 of the Clayton Act.

*Service of Process and In Personam Jurisdiction*

■ When venue is properly chosen, the service of process is not subject to the conventional territorial limitations set forth in Rule 4, F.R.Civ.P., 28 U.S. C.A. Section 12 of the Clayton Act permits extraterritorial service of process upon a corporate defendant in any "district of which it is an inhabitant, or wherever it may be found." "[F]or purposes of liability to service the section merely carried forward the pre-existing law, so that in some situations service in a district would not be valid, even though venue were clearly established under § 12." United States v. Scophony Corp., supra, 333 U.S. at page 809, 68 S.Ct. at page 862. Generally, service in the home district of a defendant presents no serious problem, it being at most a slight inconvenience and additional expense. Had plaintiff caused process to be served upon defendant in Michigan there would be no question of its validity.

Why plaintiff chose to attempt to effect service in the Southern District of New York is a mystery whose solution is known only to it. Since defendant is not an "inhabitant" of this district, the inquiry must be whether defendant is "found" here.

■ The word "found" has been interpreted to require the same activities as the "doing business" test. See, e. g., United States v. Scophony Corp., supra, 333 U.S. at page 809, 68 S.Ct. at page 862; Eastman Kodak Co. of New York v. Southern Photo Materials Co., supra, 273 U.S. at page 373, 47 S.Ct. at page 403; Lawlor v. National Screen Service Corp., D.C.E.D.Pa.1950, 10 F.R.D. 123, 124. In International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 161 A.L.R. 1057, the Supreme Court discarded as outmoded the conceptual notions of consent and presence as the test of corporate amenability to suit in a particular forum. The new standard was to be whether the corporation had certain minimum contacts with the forum such that maintenance of the suit would not offend traditional concepts of fair play and substantial justice. The furthest reach of the doctrine is enunciated in McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223.

Defendant urges that it did no more than solicit business in this district and that the contacts here are insufficient to justify a finding that it is "doing business" in this district. "It seems to be agreed that solicitation of business alone is not enough to constitute presence in the state. * * * Yet comparatively little more is required where the business is substantial and continuous. [citing cases]." Jaftex Corp. v. Randolph Mills, Inc., 2 Cir., 1960, 282 F.2d 508, 510; see Pape Television Co. v. Associated Artists Production Corp., 5 Cir., 1960, 277 F.2d 750, amended on other grounds, 5 Cir., 1960, 279 F.2d 217. Here, defendant solicited orders from

plaintiff and others through a sales representative. It was listed in the telephone directory at the representative's office address and in the building directory. Although the listings were made by Neidenberg at his expense and for his convenience, defendant knew of their existence and did nothing to disavow them. Defendant thus acquiesced in having itself held out as having an office in New York with which prospective customers might communicate. At least one advertisement was placed in a trade paper in the name of Nu-Era Overseas Corporation giving Neidenberg's address as its New York office. Defendant contends, however, that this is not a significant factor, since the corporation was organized pursuant to a plan to use the name for export shipments, but that it was never activated and did no business. But it is significant that this newly organized entity for export shipments was to be listed at Neidenberg's address. And when the plan failed to come to fruition, defendant continued to conduct its export sales directly through Neidenberg, as it had done before. Moreover, defendant's business in this district was substantial and continuous and the claim asserted in this action appears to have arisen out of transactions relating to this forum.

The question of whether defendant is found within this district so as to be amenable to service of process is a close one. But the interests of justice would not be served by a finding that defendant was not amenable to suit here. The activities of defendant in this district were of such a character that it would not offend the traditional concepts of fair play and substantial justice to require that it defend this suit here. See Kamen Soap Products Co. v. Struthers Wells Corp., D.C.S.D.N.Y.1958, 159 F.Supp. 706, 710. The comparatively little more than mere solicitation which is required to make the corporation amenable to suit in this district is present.

*Service on a Proper Person*

■ Defendant further urges that service of the summons and complaint must be quashed for service was made upon Neidenberg who is not defendant's general or managing agent for the service of process. Rule 4(d) (3), F.R.Civ. P. provides that service shall be made

"Upon a domestic or foreign corporation * * * by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *."

The narrow and technical definition of "managing or general agent" urged by defendant cannot be accepted. "Where practice regulations permit service upon a foreign corporation by delivery of the summons to an agent, whether described as a 'managing agent', as in section 229 (3) of the New York Civil Practice Act, or as a 'managing or general agent', as in Rule 4(d) (3) of the Federal Rules of Civil Procedure, the intent must be that, in any case where the operations of the corporation within the jurisdiction are sufficiently extensive to make it amenable to service there, delivery of the summons to the highest ranking person who is in charge of those operations within the state will be effective." Den Heijher v. Erie R. R. Co., D.C.S.D.N.Y. 1959, 171 F.Supp. 174, 176; Lone Star Package Car Co. v. Baltimore & O. R. Co., 5 Cir., 1954, 212 F.2d 147, 152. Defendant's business activities within the jurisdiction were carried on through Neidenberg and the other manufacturer's representative handling domestic sales, both apparently of equal rank. Their activities in the state were not sporadic or casual, but permanent and continuous. "It having been determined that defendant is within the jurisdiction of this court because of the activities carried on by [Neidenberg], service on [Neidenberg], as its managing agent, is sufficient for

the purpose of this action. Bomze v. Nardis Sportswear, Inc., 2 Cir., 165 F.2d 33." Nugey v. Paul-Lewis Laboratories, Inc., D.C.S.D.N.Y.1955, 132 F.Supp. 448, 450.

Since defendant transacts business in the Southern District of New York, venue is properly laid in this district. Although the simpler and more prudent course would have been for plaintiff to serve defendant in Michigan, service of process in this district is nonetheless effective. And service upon Neidenberg gives this court in personam jurisdiction over defendant. Accordingly, the motion to dismiss and to quash service is denied.

So ordered.