Alex FRIEDMAN, d/b/a Creative Moulded Products Co., Plaintiff,

v.

UNITED STATES TRUNK COMPANY, Inc., Clarke Precision Moulding Corporation and Sidney S. Feinberg, Defendants.

United States District Court
S. D. New York.

Feb. 16, 1962.

---

10. See United States v. Greater Blouse etc., Contractors' Ass'n, 177 F.Supp. 213, 222 (S.D.N.Y.1959).

11. See, e. g., Pitts v. United States, 105 U.S.App.D.C. 184, 265 F.2d 376 (1959); Dauer v. United States, supra.

Sol Kroll and Max Edelman, New York City, for plaintiff.

Jack M. Perlman, New York City, for defendants.

BONSAL, District Judge.

Plaintiff served its summons and complaint upon the defendants in Fall River,

Massachusetts on January 10, 1962. There are three defendants. Two, United States Trunk Company (UST) and Clarke Precision Moulding Corporation (Clarke), are Massachusetts corporations. The third is an individual, Sidney S. Feinberg, who is the president of UST and the treasurer of Clarke. The complaint states nine claims, and brings the action in this Court. Defendants move under Fed.R. Civ.P. 12(b), 28 U.S.C.A. to dismiss the action, or, in lieu thereof, to quash the service upon the defendants as improper.

It is conceded that Mr. Feinberg was not properly served as to all nine claims. It is also conceded that as to claims Second through Ninth service on the two corporations was not proper. The only issue which remains is the service upon the two corporate defendants for the First Claim.

Neither party has requested a hearing upon the issues raised in the motions. The parties have contented themselves with furnishing the Court with their supporting and opposing affidavits and oral argument.

■■ The first claim in the complaint alleges a cause of action under the Anti-Trust laws, 15 U.S.C.A. § 1 et seq. Section 12 of these laws (15 U.S.C.A. § 22) allows such an action to be brought in any judicial district where the defendant corporation is an inhabitant, or where it may be found, or where it transacts business. Service may be made in the district where it is an inhabitant or where it may be found. The territorial limits of Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. are inapplicable here. The very terms of rule 4 (f) state that the territorial limits therein contained may be extended by a statute of the United States. 15 U.S.C.A. § 22 is such a statute. Abrams v. Bendix Home Appliances, 92 F.Supp. 633 (S.D. N.Y.1950). Service was made upon the defendant corporations in Massachusetts where they are inhabitants. The issue which remains is whether the corporations are transacting business within the Southern District of New York.

■ The test for "transacting business" necessary for venue purposes is easier to satisfy than the test for "doing business" necessary for jurisdictional purposes. Fewer local contacts are necessary for the purposes of finding that a corporation is "transacting business" within a district. The test of venue under § 12 is "the practical, everyday business or commercial concept of doing or carrying on business 'of any substantial character' * * *." United States v. Scophony Corp., 333 U.S. 795, 807, 68 S.Ct. 855, 92 L.Ed. 1091 (1948); Eastman Kodak Co. v. Southern Photo Co., 273 U.S. 359, 373, 47 S.Ct. 400, 71 L.Ed. 684 (1927); Banana Distributors, Inc. v. United Fruit Co., 269 F.2d 790, 794 (2d Cir. 1959).

■ UST, which is in the business of manufacturing and selling luggage, maintains a New York showroom and office in the Borough of Manhattan and is listed in the phone directory. It maintains an inventory of its goods in the showroom to demonstrate its line. At various times UST has entered contracts in New York which state on their face that they are to be governed by New York law. It is not qualified, however, to do business in New York. In a very recent case in which the defendant corporation had even less contacts than UST in the Southern District of New York, this Court found that it was transacting business for the purpose of § 12 of the Anti-Trust laws. Raul Int. Corp. v. Nu-Era Gear Corp., 28 F.R.D. 368 (S.D.N.Y.1961). It is clear that United States Trunk, under the applicable statutory and case law, is transacting business within this District.

■ Such is not the case with respect to Clarke Precision Moulding Corporation. The plaintiff states that Clarke's manufacturing activities are tied in with UST and that they have officers in common. Clarke, however, does not maintain an office in New York, nor does it solicit

orders for its products here. On these facts I do not find that there are sufficient contacts within this District to satisfy the criteria for "transacting business".

I therefore find that the defendant United States Trunk Company transacts business in the Southern District of New York. Venue is properly laid here and service was effective upon it. Accordingly the motion to dismiss, or in lieu, to quash service upon United States Trunk Company, is denied. Service upon Clarke Precision Moulding Corporation and Sidney S. Feinberg was improper, and therefore the motion to quash service as to these two defendants is granted.

Settle order on notice.