**GLOBAL PUBLISHING CORPORATION,**
**Plaintiff,**
**v.**
**GROLIER, INCORPORATED,**
**and**
**The University Society, Incorporated,**
**Defendants.**
**Civ. A. No. 66–814–C.**

United States District Court
D. Massachusetts.
Sept. 22, 1967.

**638**

Allan L. Lewis, Lewis & Lewis, Lee H. Kozol, Friedman, Atherton, Sisson & Kozol, Boston, Mass., for plaintiff.

James D. St. Clair, Jerome P. Facher, Hale & Dorr, Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action in which plaintiff, a Massachusetts corporation, charges Grolier, Incorporated (hereinafter "Grolier"), a Delaware corporation, and The University Society, Inc. (hereinafter "University"), a New York corporation, with violation of the Sherman Act, 15 U.S.C.A. sections 1, 2.

The matter came before the Court upon the motions to dismiss filed by both defendants on the common ground that "it is not found nor does it transact business in the Commonwealth of Massachusetts," and that, therefore, plaintiff has not shown that there has been compliance with the provisions of 15 U.S.C.A. section 22, which provides:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business * * *"

The motion of defendant Grolier is supported by affidavits of Florence E. Voorhees, Secretary of Grolier, and Edward J. McCabe, President and Chief Executive of Grolier. The motion of defendant University is supported by the affidavit and supplemental affidavit of David C. Beasley, President of University. In opposition to defendants' motions to dismiss, plaintiff filed depositions of David C. Beasley, Edward J. McCabe, Jr., and Steven S. Ball, Treasurer and Director of Grolier. The matter was extensively briefed by the parties.

■ Since there is no contention herein that either defendant is a Massachusetts corporation, is registered to do business in or is an inhabitant of the Commonwealth of Massachusetts, venue cannot be properly established on the grounds that this is "the judicial district whereof [either defendant] is an inhabitant." Venue having been challenged by defendants' motions, the burden of proving that venue properly lies in this District, which is to say the burden of showing that each defendant transacts business in Massachusetts, is upon the plaintiff. Rhode Island Fittings Co. v. Grinnell, 215 F.Supp. 198, 200 (D.R.I.1963); Wentling v. Popular Science Publishing Co., 176 F.Supp. 652, 656 (M.D.Pa.1959).

■ With reference to defendant Grolier, the substance of plaintiff's attempt to establish proper venue consists of the argument that Grolier substantially dominates and controls certain of its subsidiaries which do a certain amount of business in Massachusetts. It has not, however, succeeded in making a showing that these corporations are dummies for or *alter egos* of Grolier. It has not shown an agency relationship. On the other hand, it is quite clear from the record of this case that the corporations, both parent and subsidiaries, are at all times maintained at separate and distinct legal entities. The reasoning of the United States Supreme Court in Cannon Mfg. Co.

v. Cudahy Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925), indicates that the instant motions to dismiss should be allowed. While that case did not involve a construction of 15 U.S.C.A. section 22, it was among the authorities relied upon by the Court of Appeals for the First Circuit in Aro Mfg. Company v. Automobile Body Research Corp., 352 F.2d 400 (1965), a case which did involve the propriety of venue under Section 22. The Supreme Court observed in the *Cannon* case, supra, 267 U.S. p. 335, 45 S.Ct. p. 250:

"The Alabama corporation, [the subsidiary company] which has an office in North Carolina, is the instrumentality employed to market Cudahy products within the state; but it does not do so as defendant's agent. It buys from the defendant and sells to dealers. In fulfillment of such contracts to sell, goods packed by the defendant in Iowa are shipped direct to dealers; and from them the Alabama corporation collects the purchase price. Through ownership of the entire capital stock and otherwise, the defendant dominates the Alabama corporation, immediately and completely, and exerts its control both commercially and financially in substantially the same way, and mainly through the same individuals, as it does over those selling branches or departments of its business not separately incorporated which are established to market the Cudahy products in other states. The existence of the Alabama company as a distinct corporate entity is, however, in all respects observed. Its books are kept separate. All transactions between the two corporations are represented by appropriate entries in their respective books in the same way as if the two were wholly independent corporations. This corporate separation from the general Cudahy business was doubtless adopted solely to secure to the defendant some advantage under the local laws."

In the *Aro* case, supra, the Court of Appeals observed, 352 F.2d at p. 404:

"Even if the activities of Convertible Top in Massachusetts can be construed as doing or transacting business there, and assuming that Convertible Top is a subsidiary of Automobile Body, this would not be dispositive. Automobile Body was not doing or transacting business in Massachusetts merely because its subsidiary was. Cannon Mfg. Co. v. Cudahy Co., 267 U.S. 333, 336, 45 S.Ct. 250, 69 L.Ed. 634 (1924); People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 87, 38 S.Ct. 233, 62 L.Ed. 587 (1918). Nor is there any proof in this case that Convertible Top is a 'dummy' or an instrumentality of Automobile Body. At most, it is a subsidiary.

"We also find that there is no valid service here under the provisions of Section 12 of the Clayton Act."

■ With regard to defendant University, the contacts shown by it with the Commonwealth of Massachusetts and the economy thereof do not amount to a doing of business in Massachusetts. As the Court of Appeals pointed out in *Aro*, supra, p. 404:

"When applied to a corporation this statutory requirement [found in Massachusetts] is the equivalent of saying that it must be present there by its officers and agents carrying on the business of the corporation. In this way only can a corporation be said to be 'found' within the district."

Plaintiff has not shown that University is present in Massachusetts by its officers and agents carrying on the business of the corporation in this State.

■ It does not inevitably follow that the instant action must be dismissed because venue does not lie in this District. The Supreme Court squarely ruled in Ex parte Collett, 337 U.S. 55, 58, 69 S.Ct. 944, 93 L.Ed. 1207 (1949), that 28 U.S. C.A. section 1404(a) applies to any civil action. The facts of record herein establish that one of the defendants is in-

corporated under the laws of the State of New York, and that the other has its principal place of business at 575 Lexington Avenue, New York, New York. The records of the corporate defendants and all of their principal executives are located in the Southern District of New York. Cases such as United States v. National City Lines, 334 U.S. 862, 68 S.Ct. 1526, 92 L.Ed. 1781 (1948), and Tivoli Realty v. Interstate Circuit, 167 F.2d 155 (5 Cir., 1948), cert. denied 334 U.S. 837, 68 S.Ct. 1494, 92 L.Ed. 1762, are distinguishable since they involved a claimed choice between two available fora, whereas on the instant record Massachusetts is not an available forum.

It appearing to this Court that this action could originally have been brought in the United States District Court for the Southern District of New York, and that a transfer to the Southern District of New York, rather than a dismissal, should be entered for the convenience of the parties and witnesses and in the interests of justice, it is

Ordered:

Pursuant to the provisions of 28 U.S. C.A. section 1404(a), *sua sponte* this action is transferred to the United States District Court for the Southern District of New York.