K. J. SCHWARTZBAUM, INC., Plaintiff,

v.

EVANS, INC., Defendant.

No. 68 Civ. 104.

United States District Court
S. D. New York.

May 7, 1968.

See, also, D.C., 279 F.Supp. 422.

Feuerstein & Underweiser, New York City, for plaintiff.

Malcolm A. Hoffman, New York City, for defendant.

## OPINION

TENNEY, District Judge.

This is a motion by defendant, pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure, seeking to dismiss the action on the grounds that this Court does not have jurisdiction over the person of defendant, or, in the alternative, to quash service of process.

The issue herein is primarily whether defendant, a company engaged in the merchandising and sale of furs, fur coats and related fur products, which does little if any business in this District, is subject to the jurisdiction of this Court in an anti-trust action under the provisions of § 12 of the Clayton Act, 15 U.S.C. § 22, by reason of certain activities of one of its wholly-owned subsidiaries located within this District.

The complaint alleges that defendant has leased the fur departments of department stores in a number of cities and thereby has deprived plaintiff of a market for its product in those particular stores, in violation of §§ 1 and 2 of the Sherman Act and §§ 3 and 7 of the Clayton Act.

Section 12 of the Clayton Act (hereinafter referred to as "Section 12") provides in pertinent part:

> "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or *transacts business* * * *." (Emphasis added.)

Over the years, courts have differed as to what activities constitute the transacting of business by a foreign corporation so as to bring it within the scope of Section 12. Where a corporate organization consisted of a parent company and an affiliated wholly-owned subsidiary, the early cases stressing the formal separation and independence of each corporate entity from the other followed a line of thinking best expressed in Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925) when, in the words of Mr. Justice Brandeis delivering the opinion of the court, he stated that "[t]he corporate separation, *though perhaps merely formal*, was real. It was not pure fiction." (Emphasis added.) Id. at 337; Global Publishing Corp. v. Grolier, Inc., 273 F.Supp. 637, 639 (D.Mass. 1967). However, there are many ways in which the corporate veil can be lowered to conceal the true structure of a corporate enterprise. Because of this, and in light of the fact that the standard for "transacting business" as a measure of venue under Section 12 is easier to satisfy than the test for "doing business" necessary for jurisdictional purposes, Friedman v. United States Trunk Co., 30 F.R.D. 148, 150 (S.D.N.Y.1962); Raul Int'l Corp. v. Nu-Era Gear Corp., 28 F.R.D. 368, 370 (S.D.N.Y.1961); see United States v. Scophony Corp., 333 U.S. 795, 807, 68 S.Ct. 855, 92 L.Ed. 1091 (1948), where a corporation has a wholly-owned subsidiary performing services which would ordinarily be per-

formed by its own service employees, or where its subsidiary exists for the purpose of making product purchases which otherwise would be made by purchasing agents of defendant corporation, the parent company should not be allowed to hide behind the corporate fiction but, rather, should be required to submit to the jurisdiction of the court located in that District in which the parent corporation, for all intents and purposes, transacts its business. Hoffman Motors Corp. v. Alfa Romeo Sp.A., 244 F.Supp. 70, 76 (S.D.N.Y.1965); Friedman v. United States Trunk Co., supra; Raul Int'l Corp. v. Nu-Era Gear Corp., supra 28 F.R.D. at 370–371; Waldron v. British Petroleum Co., 149 F.Supp. 830, 835 (S.D.N.Y.1957); see United States v. Imperial Chem. Indus., 100 F.Supp. 504, 511 (S.D.N.Y.1951); cf. Eastman Kodak Co. v. Southern Photo Material Co., 273 U.S. 359, 372–374, 47 S.Ct. 400, 71 L.Ed. 684 (1927).

In the instant action, defendant's first contention is that it does not come within the jurisdiction of this Court pursuant to the venue provision of 15 U.S.C. § 22 in that: (1) Defendant is a Delaware corporation with its principal place of business in Chicago, Illinois (Meltzer Affid., at 1); (2) The officers and directors of defendant have their principal offices and reside outside the State of New York (id. at 1, 2); (3) Defendant is not engaged in the business of buying and selling furs in New York, although its subsidiary, Evans Fur Company of New York, Inc. (hereinafter referred to as "Evans of New York") does engage in that activity (Romberg Affid., at 2, 3); (4) Defendant is not licensed to do business in New York nor has it designated any agents for purposes of doing such business (Meltzer Affid., at 1, 2); (5) Defendant maintains no offices in the State of New York (id. at 2); (6) Defendant, its officers and employees do not transact any substantial business in New York nor do they come to New York on any regular or periodic basis (ibid.); (7) Defendant has not designated any agent for process in the State of New York (id. at 1, 2); (8) Defendant is not listed in the New York telephone directory (Romberg Affid., at 2); and (9) Defendant's New York subsidiary maintains its own books and records, maintains its own bank account from which the salaries of its officers and employees are paid and files its own tax returns (ibid). These facts merely indicate that defendant owns a subsidiary which, in form, is totally independent of its parent corporation. However, the real issues before this Court, as indicated by the above-cited cases, are what part the subsidiary plays in the business activity of the parent company and what degree of control the parent corporation exercises over the day-to-day operations of the subsidiary.

█ In a private anti-trust suit, the burden is on plaintiff to establish the jurisdiction of the court over foreign corporate defendants, River Plate Corp. v. Forestal Land, Timber & Ry., 185 F.Supp. 832, 836 (S.D.N.Y.1960), and, barring exceptional circumstances, to establish the defendant's relationship with the District over which the court has jurisdiction as of the time that the lawsuit was commenced. Gem Corrugated Box Corp. v. Mead Corp., 189 F.Supp. 584, 586 (S.D.N.Y.1960).

On January 15, 1968, the time that the summons and complaint were filed in the within action, Evans of New York was conducting its activities within this District.

Considering defendant's various publications, with a view to determining the company's own thoughts as to its relationship with its New York subsidiary, defendant, in its Letter to Stockholders contained within the Annual Report of

**592**

Evans, Inc., dated February 28, 1966, stated:

*"New York Office*

Our New York wholesale buying office, design studio and distribution center is located at 333 Seventh Avenue, in the heart of New York's fur district. This office serves customers who have seen our 'Minerva Collection' advertised in such fashion magazines as 'Vogue', 'Harper's Bazaar', and 'Town & Country'."

In the body of the Report it is stated:

"In New York, Evans retains its own staff of designers and fashion coordinators who re-create European and American couturier masterpieces for the American Figure, taste and budget."

In its February 28, 1967 Annual Report to the Stockholders, defendant represented that:

"[W]e maintain the largest staff of fur designers and buyers in the New York market * * *

\* \* \* \* \* \*

*Evans New York*

Our New York office, located in the heart of New York's fur district * * comprises our wholesale buying office, major design studio and inspection and distribution center. This office services our other operations and also offers Evans furs to a corporate and international clientele."

 In addition to its own statements, defendant's executives control the day-to-day operations of the subsidiary. Mr. Fritz Klein, Mr. Harry Schindler and Mr. Walter Warren, all executives of defendant herein, are likewise vice-presidents of Evans of New York. Mr. Schindler, on page 9 of his affidavit, states that Messrs. Romberg, Warren and Walsh, and himself, make the final decisions as to the prices at which purchases by the subidiary are made, as to the suppliers from whom purchases by the sub-sidiary are made, and as to the quality of the goods to be purchased. It is therefore clear to this Court that although the parent company herein and its subsidiary are formally structured as two separate and independent entities, in actuality the subsidiary is deeply connected to the overall operations of defendant and its day-to-day activities are controlled by defendant's own staff personnel. This appears to be a classic example of a company which, rather than sending its own agents into an area in furtherance of the business purposes of its enterprise, has formally created a seemingly independent subsidiary to accomplish that end. It is the view of this Court that a corporation which conducts its business activities in a certain District and profits from those activities conducted therein should not be immune from the jurisdiction of that District's courts of law solely on the basis of the formal design which the corporation has structured for its organization. Waldron v. British Petroleum Co., supra.

Defendant's second contention is that the service of process should be quashed in that service was effected on an employee of its independent subsidiary, which employee was neither an officer, director, managing or general agent, nor other agent authorized by appointment of law to receive service, of defendant.

Section 12 provides that once jurisdiction and venue over defendant is established, defendant may be served with process where it is an "inhabitant" or where it may be "found". Therefore, had plaintiff caused process to be served upon defendant in Illinois, there would be no question of its validity. However, plaintiff elected to effect service on defendant in the Southern District of New York by delivering the summons and complaint to Harry Schindler, vice-president of Evans of New York, at the subsidiary's New York offices.

 The provisions for service of process pursuant to Section 12 are supplemented by the service provisions of the

Federal Rules. Hoffman Motors Corp. v. Alfa Romeo Sp.A., supra, 244 F.Supp. at 80. Rule 4(d) (7) Fed.R.Civ.P. provides in pertinent part:

[I]t is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.

■■ Process must be served in a manner reasonably calculated to give a party actual notice of the proceedings instituted against him. Hoffman v. Alfa Romeo Sp.A., supra at 79; see Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940). In light of the control exercised by defendant over its New York subsidiary, the interlocking management existing between the two entities, the intrinsic role which the subsidiary plays in the everyday operations of defendant and the amount of business activity which defendant transacts, through its subsidiary, in this District, service of process effected on an employee in charge of the operations of the subsidiary company is sufficient, under the circumstances, to reasonably justify the belief that defendant will, in fact, be apprised of the suit pending against it in this court. Boryk v. deHavilland Aircraft Co., 341 F.2d 666 (2d Cir. 1965); Raul Int'l Corp. v. Nu-Era Gear Corp., supra, 28 F.R.D. at 372; Kamen Soap Prods. Co. v. Struthers Wells Corp., 159 F.Supp. 706, 710–711 (S.D.N.Y. 1958); United States v. Imperial Chem. Indus., supra; see Bomze v. Nardis Sportswear, Inc., 165 F.2d 33, 37–38 (2d Cir. 1948). Consequently, service of process on Mr. Schindler was sufficient herein.

After due consideration and for the above-stated reasons, defendant's motion is in all respects denied.

So ordered.