**FRIENDS OF ANIMALS, INC., Plaintiff,**

**v.**

**AMERICAN VETERINARY MEDICAL ASSOCIATION, New York State Veterinary Medical Society, Westchester Rockland Veterinary Medical Association, Long Island Veterinary Medical Association, Inc. and Veterinary Medical Association of New York City, Inc., Defendants.**

**No. 69 Civ. 210.**

United States District Court,
S. D. New York.

Jan. 19, 1970.

See also D.C., 310 F.Supp. 1016.

Blinder & Steinhaus, New York City, for plaintiff.

Townley, Updike, Carter & Rodgers, New York City, for defendants.

MOTLEY, District Judge.

Plaintiff is a non-profit New York corporation organized for the purpose of reducing the number of homeless and unwanted cats and dogs which create problems in both urban and rural areas. Its principal program is inducing owners of mixed breed cats and dogs to have their female animals spayed, thus reducing the high incidence of homeless animals in the community. Plaintiff solicits funds throughout the country for its nationwide educational program and to pay fees to cooperating veterinarians who perform the spaying service for qualified low income families at reduced rates.

Alleging that defendants have engaged in an unlawful combination and conspiracy to unreasonably restrain plaintiff's charitable activities throughout the country by fixing and enforcing upon veterinarians minimum fee schedules and by maintaining and enforcing a uniform policy with respect to the granting of discounts to poor persons, plaintiff brings this action for injunction and damages in reliance upon 15 U.S.C. §§ 1, 15 and 26.

The action is brought against the American Veterinary Medical Association (AVMA), the New York State Veterinary Medical Society (NYSVMS), two New York county veterinary organizations and the Veterinary Medical Association of New York City.

The complaint alleges that the NYSVMS acts as agent for AVMS in New York State (including among its activities for AVMA the solicitation of members and the collection of membership dues) and that the county and city organizations act as agents for the state and national organizations in their respective counties and in New York City.

AVMA has moved to dismiss the complaint on the ground that venue in this district as to it is improper and the extraterritorial service upon it is, consequently, improper.

The applicable venue and service provisions are found in 15 U.S.C. § 22 which provides:

Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

From the affidavits submitted upon this motion, it is undisputed that AVMA is not an "inhabitant" of this District. AVMA is a non-profit Illinois corporation with its principal place of business in Chicago and is, therefore, an "inhabitant" of Illinois. See United States v. Scophony Corp., 333 U.S. 795, 809, 818–819, 68 S.Ct. 855, 92 L.Ed. 1091 (1948).

■ The next question then is whether AVMA by virtue of its activities in the Southern District of New York is "found or transacts business" here. The "transacting business" test can be met by fewer local contacts than the "doing business" test, the latter being the same as the "found" test. Friedman v. United States Trunk Co., 30 F.R.D. 148 (S.D. N.Y.1962); Raul International Corp. v. Nu-Era Gear Corp., 28 F.R.D. 368 (S.D. N.Y.1961); Abrams v. Bendix Home Appliance, Inc., 96 F.Supp. 3 (S.D.N.Y. 1951). Consequently, venue would be proper in this District if "in fact, in the ordinary and usual sense" AVMA transacts business here of any "substantial character." United States v. Scophony Corp., supra, 333 U.S. at 807, 68 S.Ct. at 861; Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927). This test of venue under section 22 is "the practical, everyday business or commercial concept of doing business or carrying on business 'of any substantial character.'" Banana Distributors, Inc. v. United Fruit Co., 269 F.2d 790, 794 (2d Cir. 1959). From the undisputed facts set forth below, the court concludes that AVMA has transacted business here but it has not been of such "substantial character" as to make suit against it proper in this District.

AVMA is a relatively small non-profit professional association. In 1968 AVMA membership totaled less than 20,000, i. e., 19,745. Membership is available to doctors of veterinary medicine in this and foreign countries, and includes veterinarians in private practice, in the academic communities, in the military and in government service.

At AVMA's headquarters in Chicago there is a staff of 37 which includes 6 professionals and 4 non-professional managerial employees. The only other office maintained by AVMA is in Washington, D. C. which is staffed by one administrative employee. That office concerns itself exclusively with congressional and federal administrative activities which affect the profession.

AVMA has no office in this District which includes New York City. It does not have any paid or unpaid employee acting for it in this District. AVMA is not licensed to do business in New York State and has no agent in this State for the service of process upon it.

AVMA is governed by its Executive Board and House of Delegates. The present Executive Board member representing the AVMA district of which the Southern District of New York is a part does not reside in or practice in the Southern District of New York. The House of Delegates is made up of representatives from each state affiliate. The present representative to the AVMA House of Delegates from the NYSVMS does not reside or practice in the Southern District of New York.

During 1968, approximately 183 members of AVMA resided or had mailing addresses within this District, representing less than one percent (.009) of the total membership of AVMA.

Membership in AVMA is solicited directly by it. Membership dues are billed to each member directly from Chicago and dues payments by members are made directly to AVMA in Chicago. AVMA

has not authorized the state or local organizations named as defendants in this action to solicit memberships in AVMA or to collect dues on behalf of the AVMA.

AVMA approval or review is not required before state or local organizations can adopt by-laws for their own governance. If certain state or local organizations require their members to join AVMA, such is the result of local determination and is not mandated by AVMA. NYSVMS by-laws do not have such a requirement.

The major event of AVMA each year is its Annual Meeting where policies of the organization are promulgated or revised, technical and scientific lectures are presented, and new developments in the profession are exhibited and discussed. There has not been an Annual Meeting in this District since 1963.

AVMA sponsors, co-sponsors, or attends as a guest numerous professional and scientific meetings. During 1968, it participated in about 140 such meetings only two of which were held in this District.

AVMA publishes two principal magazines. One is the Journal of the American Veterinary Medical Association, a semi-monthly membership publication. The other is the American Journal of Veterinary Research, a scientific journal published monthly. During 1968, there were roughly 23,387 subscriptions to the former and about 4,319 to the latter. Subscriptions are available to non members. During 1968, it is estimated that there were 238 subscriptions to the first journal described above and 44 subscriptions to the second journal in this District or about 1% of the total.

AVMA accepts advertising in its journals to partially defray the costs of publication. Advertising revenue in 1968 was approximately $217,000. Approximately $12,900 of advertising income, representing 6% of all advertising income and 1% of total AVMA revenue of $1,207,210.70, originated with advertisers located in this District. All advertising agreements between AVMA and the advertisers are executed by AVMA in Chicago.

Over an entire three year period AVMA sold or rented to individuals or local veterinary organizations publications and photographic materials about the profession which brought receipts of about $100.

During the twelve months preceding the filing of suit, AVMA representatives were in this District on three occasions to carry on its business. The first occasion involved the period March 24–25, 1968 when an AVMA employee travelled to New York City to attend a working session with the Professional Examination Service, an affiliate of the American Public Health Association, to review the subject matter of national licensing examinations given by the States to graduates of accredited veterinary medical schools. AVMA, while consulted with respect to examination content, does not administer the licensing examinations.

The second occasion of May 21, 1968, involved an AVMA employee who met in New York City with officials of the American Kennel Club to discuss qualifications of veterinarians for AKC-sponsored dog shows and vaccination of show dogs.

The final occasion involved three days in October, 1968 when an employee of AVMA met in New York City with various advertisers and their agencies to pay courtesy calls upon advertising agencies representing current or prospective advertisers in AVMA publications. This trip, however, did not result in contracts or commitments for advertising.

AVMA's only contact with plaintiff in this District involved a request by plaintiff in January 1959 to AVMA to act as mediator in a dispute between plaintiff and certain local veterinary societies in New York concerning plaintiff's spaying program.

The NYSVMS is affiliated with AVMA as a "constituent association". AVMA is a loose federation of such "constituent associations". The county and local units named as defendants are

not affiliated with AVMA. Each "constituent association" is autonomous and independent of AVMA in its rules of government and policies.

Complaints involving AVMA members brought to its attention by individuals are referred to the appropriate state organization for investigation and action. If a member is expelled by the state organization an appeal to AVMA's Judicial Council is available, but AVMA cannot overturn the expulsion. It can only restore the disciplined member to good standing in AVMA. Only one disciplinary case was noted by plaintiff. ·

■ A professional association does not "transact business" in a judicial district merely because some of its members reside in the district and receive the association's publications there. Wentling v. Popular Science Publishing Co., 176 F.Supp. 652 (M.D.Pa.1959).

■ The fact that the NYSVMS is an affiliate or "constituent association" of AVMA does not mean that AVMA is present in this District. AVMA does not control the NYSVMS association. NYSVMS is autonomous in the same way that a local association of the American Medical Association was found to be autonomous in Elizabeth Hospital Inc. v. Richardson, 167 F.Supp. 155 (W.D.Ark. 1958), aff'd, 269 F.2d 167 (8th Cir. 1959), cert. denied, 361 U.S. 884, 80 S.Ct. 155, 4 L.Ed.2d 120 (1959).

■ The allegation in plaintiff's complaint that AVMA is a co-conspirator is also insufficient to establish that AVMA has an agent in this District for venue purposes. Bertha Bldg. Co. v. National Theatres, 248 F.2d 833 (2d 1957), cert. denied, 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 811 (1958); Independent Productions Corp. v. Loew's Inc., 148 F. Supp. 460 (S.D.N.Y.1957); Hansen Packing Co. v. Armour & Co., 16 F.Supp. 784 (S.D.N.Y.1936).

■ The occasional and sporadic "business transactions" cited above which have been engaged in by AVMA in this District fail to meet the requirement of substantiality which is a compo-

nent of the applicable test cited above. Winkler-Koch Engineering Co. v. Universal Oil Products Co., 70 F.Supp. 77 (S.D.N.Y.1946); Lechler Laboratories, Inc. v. Duart Mfg. Co., 35 F.Supp. 839 (S.D.N.Y.1940).

■ Since this District is improper as to venue for defendant AVMA, the extraterritorial service upon it stemming from such presumed venue was likewise improper. Goldlawr, Inc., v. Heiman, 288 F.2d 579 (2d Cir. 1961), rev'd on other grounds, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

The motion to dismiss is granted.