**DONALD R. MYERS, Plaintiff**

v.

**AMERICAN DENTAL ASSOCIATION, et al., Defendants**

Civil No. 68-80

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 24, 1981

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

ARNOLD M. SELKE, ESQ., St. Thomas, V.I., *for plaintiff*

THOMAS K. MOORE, ESQ., St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This antitrust action is before the Court on a plethora of motions raised by the American Dental Association (ADA), the Virgin Islands Dental Association (VIDA) and the individually named defendants. The ADA and VIDA assert that venue does not lie in the Virgin Islands but if we find that it does lie here then this forum is inconvenient to the majority of the witnesses. See Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1404(a) (1976). Doctors Pomeranz and Kirshner contend that plaintiff failed to state a claim against them upon which relief may be granted. Fed. R. Civ. P. 12(c); see Fed. R. Civ. P. 12(b)(6). In addition the ADA moves to dismiss the claims against Doctors Kerr, Cappucio and Chavoor due to plaintiff's failure to state a claim. Relief will be granted and denied in part.

Plaintiff is a dentist and oral surgeon licensed to practice his profession in the Virgin Islands, Puerto Rico and Massachusetts. He maintains that the defendants in order to restrain trade agreed, combined and conspired to promulgate and enforce a code of ethics and professional conduct for dentists who belong to the ADA and its constituent societies. Dr. Myers avers that certain rules of the code restrain his practice of dentistry and oral surgery.

## VENUE

■ The ADA and VIDA contend that venue cannot lie in the Virgin Islands in the case at bar. They base their assertions on 15 U.S.C. § 22[1] and 28 U.S.C. § 1391(b).[2] Under the general federal

---

[1] Section 22 provides:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

[2] Section 1391(b) provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

venue statute in nondiversity cases venue will lie where the cause of action arose or where the defendants reside. In addition, the antitrust acts expand venue to any district where a corporation transacts business. The defendants maintain that Dr. Myers failed to meet any of the venue standards and therefore the case must be transferred or dismissed. We cannot agree.

■ The District Court of the Virgin Islands has more expansive jurisdiction than its stateside counterparts. As a territorial court it is not limited to the constraints placed on federal courts by Article III, section 2 of the constitution. In essence a federal territorial court wears two hats—one when it sits as a federal court and another when it hears local matters. In the case sub judice we are wearing both hots simultaneously.

■ ■ Certainly plaintiff's cause of action based on the local antimonopolies law, 11 V.I.C. § 1501 et seq. is properly before this Court. In Godfrey v. International Moving Consultants, 1980 STT Supp. 498 (D.V.I. 1980) we held that the federal venue provisions do not apply to the District Court of the Virgin Islands when it is deciding local matters. We cannot as readily circumvent the venue provisions, however, when the court is exercising federal jurisdiction.[3]

■ Because the ADA and some of the individual defendants do not reside here, venue will only lie in this Court if the cause of action arose in the Virgin Islands. Defendants rely on the "weight of the contracts test" to support their contention that the action arose outside the territory. That test provides that "if some overt act pursuant to the conspiratorial meetings took place in a district and it was a significant and substantial element of the offense, then venue would lie in the district." Philadelphia Housing Authority v. American Radiator and Standard Sanitary Corp., 291 F.Supp. 252, 260–61 (E.D. Pa. 1968); see Friends of Animals, Inc. v. American Veterinary Med. Ass'n., 310 F.Supp. 620 (S.D.N.Y. 1970). The core around which the threads of plaintiff's complaint winds is the ADA's adoption of the code of ethics which restricted Dr. Myers' practice. That code was formulated and adopted by the ADA in Illinois. Once the ADA embraced the code VIDA's charter required it to do likewise. Thus defendants make a strong showing that no overt act occurred in this jurisdiction.

---

[3] For an interesting discussion concerning venue and article I courts see Graham v. Brotherhood of Firemen, 338 U.S. 232 (1949). (The District Court of the District of Columbia.)

■ Plaintiff's choice of venue, however, is proper. Again it is justified in part by the special status of the District Court of the Virgin Islands. Dr. Myers' federal cause of action is based on the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. Because in most circumstances sections 1 and 2 of the Act do not apply in the Territories of the United States, plaintiff must specifically rely on 15 U.S.C. § 3.[4] Section 3 provides that restraints of trade affecting the Territories of the United States are illegal. The ADA's promulgation of the code of ethics in Illinois and VIDA's compulsory adoption of it affected Dr. Myers' practice in St. Thomas. Thus, even though many of the overt acts of the alleged conspiracy occurred in Illinois the injurious effects could be found in the Virgin Islands.

■ Furthermore, civil antitrust actions arise where the damages occur. The injury that flows from an illegal conspiracy sounds in tort. Thus the antitrust claim can be tried where the injury (i.e. the business damages) occurs. Albert Levine Assoc. v. Bertoni & Cotti, S.p.A., 314 F.Supp. 169, 171 (S.D.N.Y. 1970).

In summary, venue properly lies in this forum. Firstly, plaintiff's claim based upon local law invokes our article I jurisdiction. Secondly, Dr. Myers brought suit under a federal statute aimed at preventing illegal combinations in restraint of trade in the territories. The restraint of trade caused injury in the Virgin Islands and therefore the cause of action arose here. Defendants' motions based on improper venue will be denied.

■ Defendants also assert that the Virgin Islands is an inconvenient forum to try this case. See 28 U.S.C. § 1404(a). Based on the affidavits proffered by plaintiff it is clear that any forum would be inconvenient to some of the witnesses. We foresee no undue hardship or injustice to the parties by requiring them to try this action before

---

[4] § 3. Trusts in Territories or District of Columbia illegal; combination a felony.

Every contract, combination in form of trust or otherwise, or conspiracy, in restraint of trade or commerce in any Territory of the United States or of the District of Columbia, or in restraint of trade or commerce between any such Territory and another, or between any such Territory or Territories and any State or States or the District of Columbia, or with foreign nations, or between the District of Columbia and any State or States or foreign nations, is declared illegal. Every person who shall make any such contract or engage in any such combination or conspiracy, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding one million dollars if a corporation, or, if any other person, one hundred thousand dollars or by imprisonment not exceeding three years, or by both said punishments, in the discretion of the court.

us. Accordingly, defendants' motion based on forum non conveniens will be denied.

## MOTION TO DISMISS

The ADA, Dr. Pomeranz and Dr. Michael Kirshner, move for judgment on the pleadings asserting that there is no cause of action against the individually named defendants. See Fed. R. Civ. P. 12(c). Because the parties proffered affidavits in support of their position the Court will treat the motion as one for summary judgment. See Fed. R. Civ. P. 56.

When considering a summary judgment motion the Court must resolve all inferences and factual disputes against the moving party unless the motion is supported by affidavits or other evidence that lead to only one conclusion. Chirinas de Alvarez v. Creole Petroleum Corp., 613 F.2d 1240 (3d Cir. 1980). Indeed once the moving party produces evidence that no material questions of fact exist then the adverse party must also produce evidence to support his claim and may not rest on the pleadings alone. Poponne v. Nearn, 1980 STT Supp. 89 (D.V.I. 1980). Plaintiff submitted two affidavits in support of his claims. In those affidavits he failed to show that Doctors Pomeranz, Kirshner, Kerr, and Chavoor violated the antitrust acts in their individual capacity. As to these parties summary judgment will be granted. Dr. Myers did implicate Dr. Capuccio in an alleged conspiracy and therefore as a matter of law the Court cannot dismiss the claims against him.

## ORDER

The premises considered and the Court being duly advised

IT IS ORDERED that the motion of defendants to dismiss the action for improper venue be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that the motion of defendants to transfer the action due to forum non conveniens be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that the motion of Doctors Pomeranz and Kirshner to be dismissed from the action be, and the same is hereby, GRANTED;

IT IS FURTHER ORDERED that the motion of the American Dental Association to dismiss Doctors Kerr and Chavoor from the action be, and the same is hereby, GRANTED;

IT IS FURTHER ORDERED that the motion of American Den-

■

tal Association to dismiss Doctor Capuccio from this case be, and the same is hereby, DENIED.